## Harmon Jones v. John W. Antrim.

1. NOTICE—*What is Sufficient as to Transfers of Personal Chattels.* —Where the interest of a debtor in a personal chattel is transferred to his creditor by an agreement of settlement, publicly made, and the custody of such chattel is by such agreement to remain in a third person as the property of the creditor, and the debtor not to be permitted by such third person to use it, *it was held* to be such an open and notorious transfer of the possession of the chattel to the creditor as in law would be notice to third persons that such title and possession was transferred to the creditor.

Replevin.—Appeal from the Circuit Court of Edgar County; the Hon. HENRY VAN SELLER, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded, with directions. Opinion filed February 28, 1901.

JOHN MURPHY and DUNDAS & O'HAIR, attorneys for appellant.

W. H. CLINTON, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of replevin by appellant, Harmon Jones, to recover possession of a traction engine from appel-

lee, John W. Antrim, which was tried in the Circuit Court
of Edgar County without a jury, by consent, and resulted
in a finding and judgment against appellant, who brings
the case to this court by appeal, and urges us to reverse
the judgment on the ground that it is against the evidence.

It appears from the evidence that in the first part of
July, 1899, appellant let Louis Blakesley have the traction
engine in question, with the verbal understanding that he
could use it through the ensuing threshing season, and upon
paying appellant $250, November 1, 1899, he could retain
it another year, at the end of which time, by paying $250
more, the engine should become the property of Blakesley;
but if Blakesley could not pay $250 November 1, 1899,
then he was to return the engine to appellant and pay him
one-half of that which had been earned with it.

November 1, 1899, Blakesley gave appellant two notes of
$100 each, due in one year after date, with personal secu-
rity upon each, and at the time promised to pay $50 in cash,
in a short time.

Later on in November, Blakesley being unable to raise
the $50, went to appellant and offered to let him keep one
of the notes which he had given him, pay him $5 in cash,
return the engine to him, provided he would return the
other note to him (Blakesley), and represented that $105
would be about one-half he had earned with the engine
since he had it.

Appellant accepted Blakesley offer, and the engine being
at the home of one John Homerickhouse, under shelter,
and he being present, Blakesley informed him that he had
turned the engine over to appellant, who thereupon re-
quested Homerickhouse to continue to keep and shelter the
same for him and not to let Blakesley have or use it, which
Homerickhouse agreed to do.

At this time appellant did not have with him the one
hundred dollar note which was agreed he should return to
Blakesley, nor did Blakesley have with him the $5 which
he was to pay to appellant; but the note was afterward
given to Blakesley and the $5 was paid to appellant. This

settlement and arrangement were publicly made in the presence and hearing of a number of persons living in the neighborhood of where the engine was being sheltered, and they so testified.

The engine remained under shelter at the home of Homerickhouse until February 20, 1900, when appellee, as constable, took possession of it under an execution issued to him upon a valid judgment against Blakesley in favor of P. H. Bibe, which was rendered by a justice of the peace of Edgar county, on February 15, 1900.

Appellant afterward demanded possession of the engine from appellee, and upon its being refused, prosecuted this replevin suit to recover possession of it, and the question to be determined is, whether or not the engine was rightfully taken and held by appellee?

We think the evidence clearly establishes the fact that whatever rights Blakesley obtained to the engine, were extinguished by the settlement made between him and appellant in November, 1899; and that, as the engine was under shelter at the home of Homerickhouse, the agreement at that time publicly made between Blakesley, appellant and Homerickhouse, that it should remain there as the property of appellant, and Blakesley should not be permitted by Homerickhouse to use it, was such an open and notorious transfer of the possession and title of it to appellant, as in law, would be notice to third persons that such title and possession was thereby transferred to him.

The judgment of P. H. Bibe against Blakesley having been obtained, and the execution under which appellee took the engine having been issued to, and received by appellee after appellant had taken possession of the engine from Blakesley, did not authorize appellee to take or retain the engine; hence the finding and judgment of the Circuit Court in his favor were against the evidence, and the latter will be for that reason, reversed, and the case remanded to that court with directions to enter a finding and judgment in favor of appellant.

Reversed and remanded with directions.